IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 20-00099-1 JAO |
| Plaintiff, | CIV. NO. 22-00290 JAO |
| vs. | |
| SAMUEL K. KAPOI, | **ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |
| Defendant. | |

## ORDER DENYING DEFENDANT'S MOTION
## UNDER 28 U.S.C. § 2255

Defendant Samuel K. Kapoi ("Kapoi") filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"), asking the Court to vacate his conviction based on a claim that defense counsel Moanikeʻala Crowell's ("Crowell") performance fell below constitutional standards for effective assistance of counsel when she failed to object to the application of United States Sentencing Guidelines provisions related to drug quantity and his leadership role in a drug trafficking conspiracy.  ECF No. 151.  For the following reasons, the Court DENIES the 2255 Motion.

## I.  BACKGROUND

On October 15, 2020, the Grand Jury returned an Indictment charging Kapoi with two counts:  Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. § 846 (Count 1), and Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 4).  ECF No. 10.  On October 21, 2020, Crowell appeared as counsel for Kapoi.  ECF No. 35.

On May 25, 2021, Kapoi pleaded guilty to Count 1 and in exchange the Government agreed to dismiss Count 4 at the time of sentencing.  ECF Nos. 95, 96. In the Memorandum of Plea agreement ("MOPA"), ECF No. 96, Kapoi admitted to:  (1) flying from Oʻahu to Hawaiʻi Island with pound quantities of methamphetamine to distribute to others; (2) fronting pound quantities of methamphetamine "to multiple coconspirators"; (3) agreeing to and directing the "deposit[ing] [of] the proceeds from the sale of the methamphetamine into various bank accounts belonging to [him]"; and (4) flying to Hawaiʻi Island with the intent to distribute methamphetamine that was seized by law enforcement, weighed 1,342.4 grams, and was 99.3% pure.  *See id.* ¶ 8.

 In September 2021, the United States Probation Office ("USPO") filed a draft Presentence Investigation Report ("draft PSR").  ECF No. 108.  Crowell then filed a Sentencing Statement, indicating that Kapoi had no objections to the

contents of the draft PSR.  ECF No. 128 at 2.  She then filed a First Supplemental

Sentencing Statement and a Second Supplemental Sentencing Statement,[1] neither

of which raised objections to the draft PSR.  ECF Nos. 129, 130.  The final

Presentence Investigation Report ("PSR") issued without significant changes to the

draft PSR.  ECF No. 119.

The PSR included the following relevant details in the Offense Conduct

section.  *Id.* ¶¶ 9–20.  A co-conspirator ("Co-conspirator 1") was arrested during an

attempted drug transaction during which law enforcement recovered **236.8 grams**

**of 100% pure methamphetamine**.  He informed law enforcement that he

distributed methamphetamine for Kapoi.  Co-conspirator 1 worked with

investigators to obtain methamphetamine from one of Kapoi's other distributors,

"Co-conspirator 2."  Co-conspirator 2 purchased **444.9 grams of "ice"** from Co-

conspirator 1 during a controlled delivery.  Co-conspirator 2 allowed law

enforcement to search his hotel room, where they recovered an additional **197.8**

**grams of "ice."**  He admitted that he had obtained five pounds of

methamphetamine from Kapoi, and that he distributed the drugs for Kapoi.

---

[1] Each of Kapoi's Sentencing Statements were initially incorrectly filed under
seal.  *See* ECF Nos. 111, 117, 120.  Upon Court order, *see* ECF Nos. 122, 127,
Crowell corrected this and related redaction errors.  *See* ECF Nos. 128, 129, 130,
131.

Working with Co-conspirator 2, law enforcement ordered three pounds of methamphetamine from Kapoi.  On February 10, 2020, agents arrested Kapoi, and recovered **1,342.4 grams of "ice"** from him.

Kapoi waived his constitutional rights and admitted, among other things, that he sold a total of **24 pounds of methamphetamine** to others, including Co-conspirator 1 and Co-conspirator 2.  He also consented to a search of his residence, where law enforcement recovered **8.874 grams of "ice."**

The PSR then calculated the amount of drugs to determine the base offense level as follows:

<u>"Ice" amounts</u>

236.8 grams (recovered from Co-conspirator 1)

444.9 grams (recovered from Co-conspirator 2 during controlled purchase)

197.8 grams (recovered from Co-conspirator 2's hotel room)

8.874 grams (recovered from Kapoi's home)

1,342.4 grams (recovered from Kapoi upon his arrest, as stipulated in the MOPA)

Adding these amounts results in 2,230.774 grams of "ice."

<u>General methamphetamine amounts</u>

24 pounds (or 10,886.4 grams) (as Kapoi described in his unprotected statement)

4

The total amount of "ice" recovered from Co-conspirator 1 and Co-conspirator 2 weighed 879.5 grams.  In order to avoid double-counting, the PSR subtracted that amount from the 24 pounds that Kapoi admitted he had sold to others, including Co-conspirator 1 and Co-conspirator 2.  This resulted in a total of 10,006.9 grams of generic methamphetamine.  *Id.* ¶¶ 28–31.  Notably, the PSR did not include in the drug quantity the five pounds of methamphetamine that Co-conspirator 2 said he obtained from Kapoi.

The drug equivalency for the combination of the "ice" and generic methamphetamine amounts was 64,629.28 kilograms.  *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1., Application Note 8(D) (U.S. Sentencing Comm'n 2018).  This resulted in a Base Offense Level of 36.  *See* U.S.S.G. § 2D1.1(c)(2).  The PSR also recommended a four-level increase under U.S.S.G. section 3B1.1(a), due to Kapoi's managerial role in the offense.

At the October 5, 2021 sentencing hearing, the Court inquired of Kapoi whether he had sufficient time to review the PSR and to raise any objections with Crowell.  Not only did he indicate that he had, he acknowledged that the PSR accurately reflected the amount of drugs that he was responsible for:

> THE COURT:  Did you have an opportunity to review the presentence report in this case?
>
> THE DEFENDANT:  Yes.

THE COURT:  Did you read it carefully with Ms. Crowell?

THE DEFENDANT:  Yes.

THE COURT:  Did you have the time to make any objections that you wanted to make?

THE DEFENDANT:  Yes.

. . . .

THE COURT:  In particular, let me ask you, Mr. Kapoi, *do you agree that the presentence report accurately reflects the amount of drugs that you are accountable for or should be held accountable for in this case*?

THE DEFENDANT:  *Yes*.

ECF No. 136 (Tr. Oct. 5, 2021) at 5 (emphases added).  At no point did Kapoi or Crowell suggest that either of them disagreed with anything contained in the PSR. Without objection from the parties, the Court adopted the PSR's Guidelines calculations, including the base offense level pursuant to the drug amount as outlined in U.S.S.G. section 2D1.1, and the four-level increase for leadership role pursuant to U.S.S.G. section 3B1.1(a).  Kapoi's advisory Guidelines range was 262 to 327 months.  The Court granted Kapoi a downward variance and imposed a sentence of 216 months.  ECF No. 133.

On June 30, 2022, Kapoi filed the 2255 Motion, and a Motion for

Appointment of Counsel.  ECF Nos. 151, 152.  The Court denied the latter.  ECF

No. 153.  The Government filed its Answer to the 2255 Motion on August 5, 2022.

ECF No. 155.  To date, Kapoi has not filed an optional reply, which was due on

August 22, 2022.

## II.  LEGAL STANDARDS

A.     Ineffective Assistance Of Counsel

Title 28, United States Code, Section 2255 allows for prisoners to seek relief

from their convictions and sentences where, among other things, such convictions

and sentences violate the Constitution:

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Here, Kapoi alleges that Crowell's performance

violated his right to counsel.

The Sixth Amendment right to counsel "applies to all critical stages of the

prosecution."  *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003)

(internal quotation marks, brackets, and citations omitted).  When evaluating an

ineffective assistance of counsel claim, courts must confront two questions:  (1)

7

whether counsel's performance was actually deficient and, if so, (2) whether the defendant suffered prejudice due to that deficiency.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficiency is measured by whether the attorney's conduct "fell below an objective standard of reasonableness," *id*. at 688, and courts "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  In assessing prejudice, the Court must consider whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.

B.    Evidentiary Hearing

A movant is entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Ninth Circuit has explained that an evidentiary hearing is required when "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted."  *Leonti*, 326 F.3d at 1116 (internal quotation marks and citation omitted). The Court must therefore take the allegations as true for purposes of determining whether to hold an evidentiary hearing, but assess whether the movant's contentions "when viewed against the record, do not state a claim for relief or are

so palpably incredible or patently frivolous as to warrant summary dismissal." *Id.* (internal quotation marks and citation omitted).

Other than alleging the general bases for the ineffective assistance of counsel claims, *i.e.*, that Crowell should have objected "to drug quantity, before and at sentencing" and to the "management role enhancement," ECF No. 151 at 4–5, the 2255 Motion is bare and does not include any factual allegations.  For example, the 2255 Motion does not explain why Crowell should have objected to the Guidelines provisions, nor does it outline any facts about Kapoi's and Crowell's discussions about the draft PSR's contents.

In any event, an evaluation of Kapoi's barebones claims in the context of the record reveals that he cannot state a claim on which relief could be granted, so an evidentiary hearing is unwarranted.

## III.  DISCUSSION

As mentioned above, Kapoi raises two grounds in the 2255 Motion.  In Ground One, he asserts that Crowell was ineffective "[f]or failing to object to drug quantity, before and at sentencing."  ECF No. 151 at 4.  In Ground Two, he contends that Crowell was ineffective "[f]or failing to object to management [r]ole enhancement."  *Id.* at 5.

A.      Ground One:  Crowell's Failure To Object To Drug Quantity

The primary problem with Kapoi's argument that Crowell failed to object to the drug quantity is that she likely would not have prevailed on such an objection. As a result, her decision not to object was neither constitutionally deficient nor prejudicial.  And, Kapoi does not offer an argument as to what he thinks the drug quantity should have been, making it difficult to understand precisely what particular drug quantity was erroneously included in the amount of drugs used to calculate his base offense level.  Indeed, he confirmed on the record that the drug quantity calculation in the PSR (which was later adopted by the Court) was accurate.

The PSR's (and the Court's) calculation of the drug quantity involved in the crime was amply supported by the facts:  it relied on the amounts of recovered drugs, Kapoi's own statements to law enforcement about the amounts he had distributed, the MOPA's stipulated facts, and corroborating evidence of the drug amounts, including deposits made into Kapoi's accounts by the various co-conspirators.  The calculation also avoided the double-counting of drugs.  These measurements of methamphetamine were all "within the scope of the defendant's agreement that was reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake jointly," *United States v. Gutierrez-Hernandez*, 94 F.3d 582, 585 (9th Cir. 1996) (citation omitted), and were proved by a

preponderance of the evidence. *See United States v. Rosacker*, 314 F.3d 422, 430

(9th Cir. 2002). The Court therefore concludes that any objection Crowell could

have raised would have been futile, so her failure to object fell within an objective

standard of reasonableness.

B.   Ground Two:  Crowell's Failure To Object To The Managerial Role
     Enhancement

The Sentencing Guidelines Manual outlines several enhancements for a

defendant's aggravating role in the offense:

> (a)   *If the defendant was an organizer or leader of a criminal
>        activity that involved five or more participants or was otherwise
>        extensive, increase by 4 levels.*
>
> (b)   If the defendant was a manager or supervisor (but not an
>        organizer or leader) and the criminal activity involved five or
>        more participants or was otherwise extensive, increases by
>        3 levels.
>
> (c)   If the defendant was an organizer, leader, manager, or
>        supervisor in any criminal activity other than described in (a)
>        or (b), increase by 2 levels.

U.S.S.G. § 3B1.1 (emphasis added; other emphasis omitted).

The Court need look no further than the MOPA to conclude that Kapoi's

argument that Crowell should have objected to the four-point increase for his

managerial role fails. In the MOPA, he acknowledged that he flew to Hawaiʻi

Island with pound quantities of methamphetamine and was picked up by co-

conspirators, fronted pound quantities to co-conspirators who would then further

distribute the drugs, and that, "as agreed and *directed by* [Kapoi], the

coconspirators deposited the proceeds from the sale of methamphetamine into various bank accounts belonging to [Kapoi]."  ECF No. 96 ¶ 8b (emphasis added). The PSR included a list of five or more co-conspirators — an important detail that Kapoi does not contest.  The facts establish by a preponderance of the evidence, *see United States v. King*, 257 F.3d 1013, 1024 (9th Cir. 2001), that Kapoi organized and directed the criminal activity to a degree sufficient to meet the four-point enhancement pursuant to U.S.S.G. section 3B1.1(a).  *See United States v. Libbert*, 755 F. App'x 637, 639 (9th Cir. 2018).  So, Crowell's alleged failure to object was neither constitutionally deficient nor prejudicial because she likely would not have prevailed on an objection to the enhancement.

C.     Certificate Of Appealability

Kapoi cannot appeal this Order to the Ninth Circuit without first receiving a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  This Court may enter a certificate of appealability only where a petitioner shows "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further."  *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (internal quotation marks and footnote omitted), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).  This "requires something more than the absence of frivolity, but something less than a merits determination."  *Id*. (internal quotation marks omitted).

The Court denies a Certificate of Appealability.  It finds that its resolution of all of the grounds raised in the 2255 Motion is not debatable by reasonable jurists.

### IV.  CONCLUSION

For the foregoing reasons, the 2255 Motion, ECF No. 151, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai‘i, September 29, 2022.



_____
Jill A. Otake
United States District Judge

CR. NO. 20-000099-1 JAO, CIV. NO. 22-00290 JAO; *United States v. Kapoi*, ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255